## Case No. 13,250.

### SPRAGUE v. KAIN.

[Bee, 184.] [1]

District Court, D. South Carolina. March 23, 1802.

SEAMEN—WAGES—FORFEITURE FOR STRIKING MASTER.

Forfeiture of half a seaman's wages decreed, in consequence of his striking the captain. The latter had inflicted other punishment for the offence, which prevented the court from decreeing forfeiture of the whole.

[Cited in The Mentor, Case No. 9,427; Smith v. Treat, Id. 13,117; The Cornelia Amsden, Id. 3,234.]

[See The Almatia, Case No. 254.]

[This was a libel for wages by Joshua Sprague against Alexander Kain.]

It appears in evidence in this cause, that the actor used insulting language to his captain, the defendant, who was thereby provoked to strike him with his open hand, or fist; it is not clear with which. Two of the witnesses swear that the captain also struck this man with a grange staff. Upon this the seaman seized a scrubbing brush, with which he struck the captain several blows over the head, and repeated them till he was stopped by two passengers and the mate. The captain's head was severely cut, and he was for some time senseless. When he recovered, he caused the man to be confined and afterwards sent to jail at the Havanna, where he remained three weeks; the vessel being then ready to sail, he was taken on board, and kept in confinement below, till his arrival here. He now sues for wages; and the question is, whether he is entitled to all or any part of them, after this violence exercised upon his captain.

This is the first case I have been called upon to decide, in which a seaman has been convicted of striking, or even attempting to strike his commanding officer; and the act of congress does not provide for such a one. I must, therefore, be guided by the marine law. It is agreed on all hands, that the master of a ship may give due and moderate correction to the mariners under his orders. In the present case the words of provocation were first given on the yard-arm, where, it seems, some liberty of speech is allowed; but it also appears that the words were repeated on deck; for, upon the captain's asking the actor whether the sail was properly furled, he answered: "It was done as well as the captain himself could have done it." This was certainly insolent language from one who is said not to be a good seaman; and a blow with the fist was, on such provocation, very moderate correction. His behaviour subjected him to a more severe punishment, and he does not seem to have shewn any marks of contrition. If, therefore, the master had turned him ashore at the Havanna, I should not have hesitated to decree a total forfeiture of his wages. But as the captain took the law into his own hands by imprisoning this man at the Havanna, and by a subsequent confinement of eight days, on board, I think the offence is, in some measure, done away. I decree, therefore, that he forfeit only one half of his wages, and that the remainder be paid by the captain. The parties must pay their own costs.